**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Joanne Johnson, ) | No. CV 10-2775-PHX-RCB (ECV) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Officers of MCSO Staff, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Elizabeth Joanne Johnson, who is confined in the Maricopa County Estrella Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.93. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

**JDDL-K**

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez,</u> 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III.  Complaint

Plaintiff names the following Defendants in her Complaint: Officers of MCSO Staff; Detention Officers Wright, Pippen, and Harris; and the Maricopa County Jail.

Plaintiff raises two claims for relief. In Count I, Plaintiff claims that Defendants "retaliate" against her by making her visitors, including her lawyer, wait long periods of time for her, by telling her visitors that she is not available, and by being rude to Plaintiff and her visitors.

In Count II, Plaintiff claims that Defendants abuse the disciplinary system by "look[ing] for any excuse to write [Plaintiff] up constantly." Plaintiff claims Defendants also "lie about things [Plaintiff] never did."

Plaintiff seeks money damages and injunctive relief.

## IV.  Failure to State a Claim

### A.  Improper Defendant

The Maricopa County Jail is not a proper Defendant. Claims under § 1983 are directed at "bodies politic and corporate." <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. <u>Id.</u> at 689-690. Because a jail is neither a corporation nor a body politic, it is not a person for purposes of § 1983, and accordingly, the Maricopa County Jail will be dismissed.

### B.  Constitutional Violation

In order to recover under § 1983, a plaintiff must show: (1) the violation of a right protected by the Constitution or federal law; (2) that was proximately caused; (3) by conduct

JDDL-K

- 3 -

1  of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v.
2  Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has not alleged a violation of a
3  constitutional right in any of her claims.

4  Moreover, Plaintiff has not alleged facts, in either count, that demonstrate a violation
5  of her constitutional rights. A viable claim of First Amendment retaliation contains five
6  basic elements: (1) an assertion that a state actor took some adverse action against an inmate
7  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
8  inmate's exercise of her First Amendment rights (or that the inmate suffered more than
9  minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes
10 v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265,
11 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official
12 acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action
13 "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating
14 that her exercise of her First Amendment rights was a substantial or motivating factor behind
15 the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274,
16 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

17 In Count I, Plaintiff does not allege that Defendants retaliated against her for
18 exercising her constitutional rights. Further, "'[v]erbal harassment or abuse . . . is not
19 sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Oltarzewski v.
20 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th
21 Cir. 1979)). Accordingly, Plaintiff has not demonstrated that she suffered more than
22 "minimal harm" and her allegations in Count I fail to state a claim.

23 In Count II, Plaintiff makes vague and conclusory allegations that Defendants have
24 abused the disciplinary process. Plaintiff does not provide facts about specific instances
25 when she was falsely charged with disciplinary violations, nor does Plaintiff allege that she
26 was denied due process during disciplinary proceedings. Plaintiff has therefore failed to state
27 a claim in Count II.

28 **V.     Leave to Amend**

JDDL-K

- 4 -

1    For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
2 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
3 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
4 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
5 to use the court-approved form, the Court may strike the amended complaint and dismiss this
6 action without further notice to Plaintiff.

7    If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
8 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of
9 the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;
10 (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's
11 constitutional right; and (5) what specific injury Plaintiff suffered because of that
12 Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

13    Plaintiff must repeat this process for each person she names as a Defendant. If
14 Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
15 injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
16 failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants**
17 **have violated a constitutional right are not acceptable and will be dismissed**.

18    Plaintiff must clearly designate on the face of the document that it is the "First
19 Amended Complaint." The first amended complaint must be retyped or rewritten in its
20 entirety on the court-approved form and may not incorporate any part of the original
21 Complaint by reference. Plaintiff may include only one claim per count.

22    A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
23 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
24 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
25 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
26 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
27 565, 567 (9th Cir. 1987).

28 **VI.    Warnings**

- 5 -

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release. Also, within 30 days of her release, she must either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the

1  Court).

2  **IT IS ORDERED:**

3  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

4  (2) As required by the accompanying Order to the appropriate government agency,
5  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.93.

6  (3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has
7  **30 days** from the date this Order is filed to file a first amended complaint in compliance with
8  this Order.

9  (4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
10 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
11 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

12 (5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
13 rights complaint by a prisoner.

14 DATED this 19th day of January, 2011.

Robert C. Broomfield
Senior United States District Judge